In the Matter of the Claim of ALICIA H. McNAMARA, Respondent, v. KIDDER PEABODY & Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 12, 1973.

*Albert P. Thill* (*Phyllis O'Connell* of counsel), for appellants.

*Townley, Updike, Carter & Rogers* (*Michael S. Belohlavek* and *Philip D. Pakula* of counsel), for Alicia H. McNamara, respondent.

*Louis J. Lefkowitz, Attorney-General* (*Henriette Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

GREENBLOTT, J. These are appeals from two decisions of the Workmen's Compensation Board, filed July 15, 1971 and August 3, 1972.

On January 23, 1970, while attending a dinner in honor of a fellow employee who was retiring from employment with the appellant employer, the claimant's decedent suffered fatal injuries. The employer had scheduled a luncheon in honor of the retiree. Since invitations to the luncheon were only to be extended to employees with long service, most of the retiree's co-workers with whom he had had daily contact would not have been invited, wherefore those co-workers arranged the tragic dinner. Appellants argue that the dinner in question was a purely social affair conducted off the employer's premises during nonbusiness hours, was not sponsored by the employer, did not benefit the employer "beyond the intangible value of improvement in employee health and morale that is common to all kinds of recreation and social life", and therefore the decedent's injuries did not arise out of and in the course of his employment, as found by the board.

There are, however, a number of circumstances which require us to affirm the board's decision. The purpose of the dinner, celebration of a coemployee's retirement, is inherently connected with and has its origins in the employment relationship. Thus, this case is to be distinguished from those beginning with *Matter of Wilson* v. *General Motors Corp.* (298 N. Y. 468) which involved athletic events and social gatherings which were "employment-related" only insofar as all participants were coemployees, but did not relate to a specific aspect of employment as does retirement. For these reasons, the tests set forth in *Matter of Tedesco* v. *General Elec. Co.* (305 N. Y. 544) are not applicable here. It is also significant that employees of offices hundreds of miles distant who attended the dinner were reimbursed for their travel expenses and were given time off from their work to attend, from which it can be inferred that the affair was encouraged by the employer. Furthermore, the employer paid for the dinner in full. Although the appellants urge that the employer had not intended to pay, but only did so "in view of the tragic event", there is testimony indicating that the organizer of the affair felt the employer might pay the bill and that a request for financial assistance had been made to a director of the employer.

Finally, there was testimony that the dinner was attended by all officers of the employer who worked in the same department with the retiree. Considering the totality of the circumstances, we feel that it was within the province of the board as finder of facts to conclude that attendance at the dinner was an act within the course of decedent's employment.

Appellants also filed a notice of appeal from the board's decision of August 3, 1972 directing the carrier to pay attorney's fees and a 20% penalty to the claimant. However, appellants have neither briefed nor argued this point, and must be deemed to have abandoned their appeal. Therefore, the decision of the board dated August 3, 1972 is final (Workmen's Compensation Law, § 23).

The decisions should be affirmed, with one bill of costs to respondents filing briefs.

HERLIHY, P. J., COOKE, MAIN and REYNOLDS, JJ., concur.

Decisions affirmed, with one bill of costs to respondents filing briefs.